UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Dustin Ray Dedrick,                                  Civil No.: 07-3312 (ADM/AJB)

                    Petitioner,

vs.                                                  **REPORT AND RECOMMENDATION**

Marty Anderson, Warden,

                    Respondent.

_____

**I. Introduction**

      This matter is before the Court, Magistrate Judge Arthur J. Boylan, on Dustin Ray Dedrick's ("Petitioner") petition [Docket No. 1] for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The action has been referred to the Magistrate Judge for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c).

      Petitioner is a federal prison inmate and is currently designated to the Federal Prison Camp in Duluth, Minnesota. Petitioner is serving an aggregated 97-month sentence, followed by three years of supervised release for two different conspiracies to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 851(a). This sentence was imposed by Judge Richard L. Young in the United States District Court for the Southern District of Indiana. Petitioner has a projected release date of March 20, 2008, via Good Conduct Time ("GCT") release.

      Petitioner now seeks relief under an application for writ of habeas corpus. Petitioner challenges the determination by the Bureau of Prisons ("BOP") that he was ineligible for a sentence reduction

1

under 18 U.S.C. § 3621(e)(2)(B). Petitioner contends that the BOP misinterpreted and misapplied his Judgment Order for Case Numbers 3:99CR00009-007 ("07") and 3:98CR00033-15 ("15"), which has precluded him from early release eligibility following his completion of the Residential Drug Treatment Program ("RDAP") due to a two-point sentencing enhancement for possession of a firearm. More specifically, Petitioner claims that there was only one Judgment Order for Cases 07 and 15 and that no firearms enhancement was applied. Thus, the BOP violated his constitutional rights by applying a sentencing enhancement in his case.[1]

Respondent opposes Petitioner's § 2241 petition asserting that the BOP correctly determined that Petitioner was not eligible for the early release incentive. While the Sentencing Court did not apply the U.S.S.G. § 2D1.1(b)(1) firearm enhancement in Case 15, the Court did adopt the firearm enhancement from the Presentence Investigation Report ("PSR") in the Judgment Order for Case 07. For the reasons stated below, it is recommended that the petition [Docket No. 1] be **dismissed with prejudice**.

**II. Background & Procedural Status**

On July 12, 2000, Petitioner pled guilty to Count 1 of the Second Superseding Indictment in Case 15 and Count 1 of the Second Superseding Indictment in Case 07, charging him with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846, and 851(a). See Norenberg Decl., Attach. D, at ¶ 1-7 [Docket No. 9]. The government dismissed Count 3, possession of a firearm during drug trafficking in violation of 18 U.S.C. § 924(c), and Count 4, felon in possession of a

---

[1] Respondent concedes that Petitioner has exhausted his administrative remedies regarding his challenge that the BOP has improperly denied him early release and now seeks review by this Court. See Resp't Resp. 4 [Docket No. 8]; see also Norenberg Decl., Attach. F.

firearm in violation of 18 U.S.C. § 922(g)(1), of the Second Superseding Indictment in Case 07. Id. at ¶ 5, 7.

On January 11, 2001, Petitioner was sentenced in the Southern District of Indiana in both cases. Id., Attach. C, at 1, 8.  A single PSR was prepared for both cases. Id., Attach. D.  The PSR applied a two-point enhancement for possession of a firearm during the commission of the offense pursuant to U.S.S.G. § 2D1.1(b)(1). Id. at ¶ 34.  Petitioner objected to the firearm enhancement. Id.

In the Statement of Reasons for Case 15, the Court adopted the factual findings and guideline application in the PSR, except the Court determined that U.S.S.G. § 2D1.1(b) did not apply. Id., Attach. C, at 7.  However, with respect to Case 07, the Court adopted the factual findings and guideline application in the PSR, with the exception of reducing the base level offense level from 38 to 36 based on the amount of methamphetamine foreseeable. Id. at 14.

It was not clear whether the two-point firearm enhancement was removed from Case 07 when determining Petitioner's § 3621(e) early release eligibility and the BOP attorney advisor contacted the Probation Officer who prepared the PSR for clarification. Id., Attach. E.  The Probation Officer confirmed that although the two-point enhancement was removed in Case 15, it was not removed from Case 07. Id.  Based on the BOP attorney's review of Petitioner's PSR, the Judgment Orders from Cases 07 and 15, and the conversation with the Probation Officer who prepared the PSR, the attorney concluded that Petitioner was ineligible for the § 3621(e) early release benefit.[2]

**III. Discussion**

The Violent Crime Control and Law Enforcement Act of 1994 ("VCCLEA"),

---

[2] Initially, the BOP attorney indicated that Petitioner was eligible for the early release benefit. Id.

18 U.S.C. § 3621(e)(2)(B), states:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

The BOP established regulations to implement § 3621(e). See 28 C.F.R. § 550.50 et seq. Accordingly, an inmate may be eligible for early release by a period not to exceed twelve months if the inmate's current offense is non-violent, and the inmate does not have a prior conviction for homicide, forcible rape, robbery, aggravated assault, or child sexual abuse. Id.

On October 9, 1997, the BOP established Program Statement ("PS") 5162.04, which determined that inmates with sentencing enhancements for possession of a firearm were not considered to be convicted of a violent crime. See Norenberg Decl., Attach. B. Section 6 of the PS outlined the crimes which were considered violent, and Section 7 listed offenses that in the BOP Director's discretion precluded an inmate from receiving certain program benefits, including early release pursuant to 18 U.S.C. § 3621(e). Id. at 2. Additionally, the PS stated that it was within the discretion of the Director to deny program benefits, including early release, when a specific offense characteristic under the Sentencing Guidelines was applied because a defendant used or threatened use of force. Id. at 11. The PS offered the example of a defendant convicted of manufacturing drugs and who received a two-level sentencing enhancement for the possessing a firearm in connection with the convicted offense. Id. at 11-12. In that instance, the PS asserted that "[offense and enhancement] will preclude an inmate from receiving certain Bureau program benefits." Id. at 12.

There is no dispute that the Court did not adopt the PSR recommendation for the firearm enhancement in Case 15. See Norenberg Decl., Attach. C, at 1-7. Petitioner was only aware of and

4

provided the Court with the Statement of Reasons for Case 15. See Pet. Reply 2 [Docket No. 11]. Petitioner failed to acknowledge that the Sentencing Court also issued a separate Statement of Reasons and Judgment Order for Case 07. Id. at 8-14.  Unlike the Statement of Reasons in Case 15, the Sentencing Court in Case 07 adopted all the findings in the one PSR prepared for both cases with no objection to the firearm enhancement[3].  As further proof that Case 07 included the two-point firearm enhancement, the Sentencing Court determined the base offense level should be 36, not 38 as the PSR recommended. Id. at 14.  Ultimately, the Court determined the offense level to be 35 in Case 07. Id. Using the base offense level of 36 as a benchmark, the Court came to the base offense level of 35 by adding the two-point firearms enhancement, and then subtracting three points for acceptance of responsibility (which the Court also adopted from the PSR). Id.; see also id., Attach. D.  Furthermore, counsel for the BOP verified with the Probation Officer who prepared the PSR that the two-point enhancement had not been removed by the Court in Case 07.

**IV. Conclusion**

This Court also concludes that the Sentencing Order for Case 07 included the firearms enhancement.  Petitioner's deemed ineligibility for the 18 U.S.C. § 3621(e)(2) early release benefit by the BOP Director because of the firearm enhancement in Case 07 was warranted pursuant to 28 C.F.R. § 550.50 et seq. and Program Statement 5162.04.  Thus, the BOP was not violating Petitioner's constitutional rights in denying Petitioner the early release benefit under 18 U.S.C. § 3621(e).

---

[3] Petitioner states, "This case easily be resolved by the [BOP] or by the government by simply producing another 'Statement of Reasons' supporting their position that the courts attributed Dedrick a two-level enhancement in [Case 07]." See Pet. Reply 2.

## RECOMMENDATION

Based on the foregoing, and all the files, records, and memoranda herein, **IT IS HEREBY RECOMMENDED** that the Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus filed by Petitioner [Docket No. 1] be **dismissed with prejudice**.

Dated:     September 10, 2007

           s/ Arthur J. Boylan
          Arthur J. Boylan
          United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before **September 24, 2007**.