## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Dustin Ray Dedrick,

        Petitioner,

v.

                                    **MEMORANDUM OPINION**
                                    **AND ORDER**
                                    Civil No. 07-3312 ADM/AJB

R.L. Morrison, Warden,

        Respondent.

_____

Dustin Ray Dedrick, *pro se.*

LeeAnn K. Bell, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of
Respondent.

_____

## I. INTRODUCTION

      This matter is before the undersigned United States District Judge on Petitioner's
Objection ("Objection") [Docket No. 15] to Magistrate Judge Arthur J. Boylan's Report and
Recommendation ("R&R") [Docket No. 12].  The R&R recommends that Petitioner's Petition
for Writ of Habeas Corpus ("Petition") [Docket No. 1] be dismissed with prejudice.  For the
reasons set forth below, the R&R is adopted.  The procedural and factual background, described
in the R&R, is incorporated by reference for review of Petitioner's  Objections.

## II. DISCUSSION

      In reviewing an R&R, the district judge "shall make a de novo determination of those
portions of the report or specified proposed findings or recommendations to which objection is
made."  28 U.S.C. § 636(b)(1)(C).  A district judge "may accept, reject, or modify, in whole or in
part, the findings or recommendations made by the magistrate judge."  Id.

In his Objection to the R&R, Petitioner objects to Judge Boylan's determination that the Bureau of Prisons ("BOP") correctly concluded that he is ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B). Petitioner asserts that the BOP and Judge Boylan incorrectly concluded that Judge Richard Young of the United States District Court for the Southern District of Indiana applied a two-point enhancement for possession of a firearm in sentencing him. If Judge Young applied the firearm enhancement, Petitioner is precluded from early release eligibility upon completion of the Residential Drug Treatment Program. Petitioner argues the only evidence supporting the conclusion that the two-point firearm enhancement was applied is a phone conversation between the BOP and the probation officer who prepared the Pre-Sentencing Report ("PSR"). Petitioner contends that the Court's exclusive reliance on the phone conversation to deny him early release eligibility violates his right to Due Process.

The phone conversation between the BOP and probation officer is not the only evidence supporting the BOP and Judge Boylan's conclusion that the sentencing court applied the two-point firearm enhancement. In the Statement of Reasons, Judge Young adopted the findings of fact and guideline application of the PSR, except that the Court determined that Petitioner's base offense level was 36. The PSR applied the two-point firearm enhancement and subtracted three points for acceptance of responsibility. Applying those adjustments to the base offense level used by the Sentencing Court results in a total offense level of 35, as reported in the Statement of Reasons for case number 3:99CR00009-0007. Accordingly, the BOP and Judge Boylan correctly determined that Petitioner is ineligible for early release. Denying Petitioner early release did not violate his Due Process rights.

### III. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1. The R&R [Docket No. 12] is **ADOPTED**;

2. Petitioner's Objection [Docket No. 15] is **OVERRULED**; and

3. Petitioner's Petition for Writ of Habeas Corpus [Docket No. 1] is **DISMISSED**

**WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  November 1, 2007.

3